IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAX KIM,<br><br>Defendant. | Case No. 21-cr-00009-1 DKW<br><br>**ORDER DENYING MOTION FOR SENTENCE CREDIT** |

Defendant Max Kim, proceeding without counsel, moves for recalculation of his release date from federal prison ("motion"), arguing that he has not been, but should be, given credit for roughly 24 months of time served in custody prior to the imposition of his 24-month sentence. For the straightforward reasons discussed more fully below, Kim is mistaken that he has not been given credit for the time served in question and, thus, his motion, Dkt. No. 103, is DENIED.[1]

A brief background of Kim's sentencing is first necessary. On February 8, 2022, Kim was sentenced to 24 months' imprisonment for aggravated identity theft

---

[1] While the parties do not mention the jurisdictional basis for Kim's motion, the Court liberally construes the same as one brought under 28 U.S.C. Section 2241. *See Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (explaining that seeking credit for "time in state custody toward shortening [a] federal sentence…[is] an action maintainable only in a petition for habeas corpus filed pursuant to § 2241.").

in violation of 18 U.S.C. § 1028A(a)(1). Dkt. No. 92 at 1. In imposing this sentence, the Court also ordered the same to run *consecutively* with any term of imprisonment issued in six State of Hawaiʻi criminal proceedings ("the State Cases"), pursuant to 18 U.S.C. Section 1028A(b)(2). *Id*. at 2; Sent. Hrg. Tr. at 22:23-23:18, Dkt. No. 94; *see* 18 U.S.C. § 1028A(b)(2) (except for a reason inapplicable here, providing that "no term of imprisonment on a person under this section shall run *concurrently* with any other term of imprisonment imposed on the person under any other provision of law….") (emphasis added).

This leads to the instant motion. Pursuant to 18 U.S.C. Section 3585(b), a defendant must be given credit for time spent in detention prior to the date a sentence commences if, among other things, that time "has not been credited against another sentence." In the motion, Kim argues that he has not received credit for time spent in the custody of the Federal Bureau of Prisons from February 24, 2020 through February 8, 2022 ("the Served Time"), even though this time was served prior to the imposition of his 24-month sentence in this case. Dkt. No. 103 at 1. The record from the State Cases, however, shows Kim is mistaken.

Specifically, that record, which is attached to the government's opposition to the motion, reveals the following. On June 7, 2023, Kim was sentenced in each of the State Cases to five years' imprisonment, with each of these 5-year sentences to run *concurrently* to each other and with *credit* for time served. Dkt. No. 105-2

2

at 7, 14, 20, 26, 33, 40.  In other words, for the State Cases, Kim received a total sentence of five years' imprisonment with credit for time served.  Importantly, the credit Kim received for this sentence included the Served Time, *i.e.*, the time served between February 24, 2020 and February 8, 2022.  *Id*. at 3-4.  This meant, in conjunction with additional time served for which Kim received credit, *see id*., Kim was released from State incarceration on March 21, 2024—less than one year after his 5-year State sentence began.  See Decl. of Scott Hilbert at ¶ 5, Dkt. No. 105-1.  Accordingly, because Kim has clearly received credit against another sentence for the Served Time, he is not entitled to obtain credit for the same time served against his federal sentence in this case.  *See* 18 U.S.C. § 3585(b).  His motion, Dkt. No. 103, is DENIED.

    IT IS SO ORDERED.

    Dated:  February 14, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

United States of America v. Max Kim; Civil No. 21-00009 DKW; **ORDER DENYING MOTION FOR SENTENCE CREDIT**